IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ZACCHAEUS N. WATIE,

    Petitioner,               No. CIV S-08-0835 WBS KJM P

    vs.

K. PROSPER, et al.,

                                   FINDINGS AND RECOMMENDATIONS

    Respondents.

_____/

        Petitioner is a California prisoner proceeding pro se with an application for writ of habeas corpus under 28 U.S.C. § 2254. He stands convicted of carjacking, three counts of robbery and attempted robbery. He is serving a sentence of fifteen years' imprisonment. In this action, petitioner challenges his conviction for carjacking.

/////
/////
/////
/////
/////
/////

1

I. <u>Factual Background</u>

On direct appeal, the California Court of Appeal summarized the evidence presented at petitioner's trial as follows:

> In the early evening of December 26, 2005, four friends, Mohammad Mohammad, Khalild Naiem, Qadar Tariq, and Erika Olivares arrived at a park in Sacramento in Tariq's Chevrolet Corvette and Mohammad's Honda Accord. They parked the vehicles on a street adjacent to the park and went to sit on a park bench to smoke marijuana. After a short time, the friends were approached by two men, both with guns and wearing ski masks or beanies over their faces. The men pointed guns at the victims and demanded "everything [they] ha[d]."
>
> The robbers took money from three of the victims and the keys to Tariq's Corvette. The robbers then went to the Corvette; one of them drove the car away, and the other ran into a nearby neighborhood. The victims then ran to the Honda, began to follow the stolen Corvette, and called 911. The victims were able to track the Corvette for several miles until the Sacramento Police intercepted the vehicle and made a vehicle stop. The driver was defendant.
>
> Defendant testified on his own behalf. He admitted driving the Corvette but denied being involved in the robbery. He claimed that he was leaving a friend's house when an acquaintance by the name of "Big Homie" arrived and offered defendant the opportunity to drive the car. Shortly after defendant drove off, he noticed that police were following him. Defendant was unable to locate "Big Homie" after his arrest.
>
> Defendant was charged with one count of carjacking, three counts of robbery, and one count of attempted robbery. It was further alleged as to each count that defendant personally used a firearm. A jury found defendant guilty as charged and the court imposed a sentence of 15 years in state prison.

Resp'ts' Lodged Doc. #3 at 1-2.

II. <u>Standard of Review</u>

An application for a writ of habeas corpus by a person in custody under a judgment of a state court can be granted only for violations of the Constitution or laws of the United States. 28 U.S.C. § 2254(a). Also, federal habeas corpus relief is not available for any

/////

2

claim decided on the merits in state court proceedings unless the state court's adjudication of the claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (referenced herein in as "§ 2254(d)" or "AEDPA").[1]  It is the habeas petitioner's burden to show he is not precluded from obtaining relief by § 2254(d).  See Woodford v. Visciotti, 537 U.S. 19, 25 (2002).

The "contrary to" and "unreasonable application" clauses of § 2254(d)(1) are different.  As the Supreme Court has explained:

> A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in our cases, or if it decides a case differently than we have done on a set of materially indistinguishable facts.  The court may grant relief under the "unreasonable application" clause if the state court correctly identifies the governing legal principle from our decisions but unreasonably applies it to the facts of the particular case.  The focus of the latter inquiry is on whether the state court's application of clearly established federal law is objectively unreasonable, and we stressed in Williams [v. Taylor, 529 U.S. 362 (2000)] that an unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002).  A state court does not apply a rule different from the law set forth in Supreme Court cases, or unreasonably apply such law, if the state court simply fails to cite or fails to indicate an awareness of federal law.  Early v. Packer, 537 U.S. 3, 8 (2002).

The court will look to the last reasoned state court decision in determining whether the law applied to a particular claim by the state courts was contrary to the law set forth

---

[1] Title 28 U.S.C. § 2254(d) establishes a precondition to federal habeas relief, not grounds for entitlement to habeas relief.  Fry v. Pliler, 551 U.S. 112, 118-19 (2007).

in the cases of the United States Supreme Court or whether an unreasonable application of such law has occurred.  Avila v. Galaza, 297 F.3d 911, 918 (9th Cir. 2002), cert. dismissed, 538 U.S. 919 (2003).  Where the state court fails to give any reasoning whatsoever in support of the denial of a claim arising under Constitutional or federal law, the Ninth Circuit has held that this court must perform an independent review of the record to ascertain whether the state court decision was objectively unreasonable.  Himes v. Thompson, 336 F.3d 848, 853 (9th Cir. 2003).  In other words, the court assumes the state court applied the correct law, and analyzes whether the decision of the state court was based on an objectively unreasonable application of that law.

"Clearly established" federal law is that determined by the Supreme Court.  Arredondo v. Ortiz, 365 F.3d 778, 782-83 (9th Cir. 2004).  At the same time, it is appropriate to look to lower federal court decisions as persuasive authority in determining what law has been "clearly established" and the reasonableness of a particular application of that law.  Duhaime v. Ducharme, 200 F.3d 597, 598 (9th Cir. 1999); Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003), overruled on other grounds, Lockyer v. Andrade, 538 U.S. 63 (2003); cf. Arredondo, 365 F.3d at 782-83 (noting that reliance on Ninth Circuit or other authority outside bounds of Supreme Court precedent is misplaced.).

III.  Analysis

It is difficult to discern which claims petitioner is presenting to this court, because rather than providing the court with an independent statement of his claims, he provides a copy of the petition for review he filed in the California Supreme Court.  The court assumes that any claims arising under state law are not meant for this court, as an application for writ of habeas corpus is only available for violations of federal law.  See 28 U.S.C. § 2254(a).  From the petition for review, the court discerns two claims arising under federal law.

/////

/////

/////

A. <u>Insufficiency Of The Evidence</u>

The first claim is that petitioner's conviction for carjacking must be reversed because there is insufficient evidence to establish that petitioner took Qadar Tariq's Corvette from Tariq's "immediate presence," a required element of the offense.

Under California law, carjacking is defined as:

> the felonious taking of a motor vehicle in the possession of another, from his or her immediate presence . . . against his or her will and with the intent to either permanently or temporarily deprive the person in possession of the motor vehicle of his or her possession, accomplished by means of force or fear.

Cal. Penal Code § 215(a). On direct appeal, the California Court of Appeal defined "immediate presence" as follows:

> [A] vehicle is in the immediate presence of a person when the vehicle is so within his or her reach, inspection, observation or control, that he or she could, if not overcome by violence or prevented by fear, retain his or her possession of it.

Resp'ts' Lodged Doc. #3 at 7 (with reference to <u>People v. Hayes</u>, 52 Cal.3d 577, 626 (1990)).

Applying its definition, the Court of Appeal observed:

> . . . In this case, the victims were sitting outside on a bench 199 feet from where the vehicle was parked on the road alongside the park. It was close enough that the victims could see the car. Qadar Tariq was in physical control of the car keys until forced to relinquish them at gunpoint. After the Corvette drove off, the victims were able to run to the other vehicle that was parked near the Corvette, quickly enough to the follow the Corvette.
>
> Under these circumstances, a reasonable finder of fact could conclude that Tariq was in an area in which he could have exercised control over the vehicle had he not been overcome by violence or prevented by fear.

<u>Id</u>. at 7-8.

At trial, the parties stipulated that Tariq's Corvette was 199 feet away from Tariq when his keys were taken. CT 107; RT 267. The evidence presented indicates that Tariq was the same distance from his car when petitioner got in and drove off. <u>See</u>, <u>e.g.</u>, RT 33:16-34:16.

5

In <u>Jackson v. Virginia</u>, 443 U.S. 307, 319 (1979), the Supreme Court held the relevant question with respect to sufficiency of evidence claims arising under the Constitution is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." (Emphasis in original.)

As explained by the Court of Appeal, a rational trier of fact could have found that Tariq's Corvette was within petitioner's immediate presence, as defined by that court, when it was taken from him by petitioner.

B. <u>Due Process</u>

Petitioner's second claim is that the manner in which the California Court of Appeal defined "immediate presence" violates his right to due process under the Fourteenth Amendment. This court must normally defer to a state court's interpretation of the laws of its state. <u>Bains v. Cambra</u>, 204 F.3d 964, 972 (9th Cir. 2000). That deference is suspended only when the state court's interpretation is untenable. <u>Oxborrow v. Eikenberry</u>, 877 F.2d 1395, 1399 (9th Cir. 1989).

In <u>United States v. Burns</u>, 701 F.2d 840, 843 (9th Cir. 1983), the Ninth Circuit approved a definition for the word "presence" within the context of a federal robbery statute that is identical to the one approved by the California Court of Appeal for "immediate presence" in petitioner's case. The charging statute in <u>Burns</u> has many of the same or similar elements as those in the carjacking statute on which petitioner was convicted:

> Whoever, within the special maritime and territorial jurisdiction of the United States, by force or violence, or by intimidation, takes or attempts to take from the person or presence of another anything of value, shall be imprisoned not more than fifteen years.

18 U.S.C. § 2111. The Ninth Circuit has determined that specific intent is an element of section 2111. <u>United States v. Lilly</u>, 512 F.2d 1259 (9th Cir. 1975).

/////

In light of the decision in Burns, the court cannot say that the definition for "immediate presence" adopted by the California Court of Appeal is untenable because the Ninth Circuit has approved the definition used by the state Court of Appeal in sufficiently similar circumstances to foreclose such a finding.

The court also is mindful of the Ninth Circuit's decision in Webster v. Woodford, 369 F.3d 1062 (9th Cir. 2004). There, a habeas petitioner challenged the California Supreme Court's finding that the "immediate presence" element of robbery was satisfied, by arguing the court's finding resulted in a radical and unforseen departure from former law and, therefore, violated his Fourteenth Amendment right to due process. Id. at 1067. The California Supreme Court upheld a finding that petitioner had committed robbery despite the fact that the car petitioner took was about a quarter-of-a-mile away from the victim when petitioner murdered him. Id. at 1065-66.

In Webster, the Ninth Circuit noted California courts had previously determined that "immediate presence" did include situations where the requisite taking was outside the sensory perception of the victim, citing to People v. Lavender, 137 Cal. App. 582 (2d Dist. 1934) and People v. Hornes, 168 Cal. App. 2d 314 (2d Dist. 1959).[2] The Webster court also noted that Lavender, in one instance, cited with approval a case, State v. Kennedy, 154 Mo. 268 (1900), involving a quarter-mile separation between the victim and his property. Webster, 369 F.3d at 1071. In light of these facts, the Ninth Circuit found that petitioner's right to due process had not been violated based on the California Supreme Court's interpretation of the phrase "immediate presence." Id. at 1071-72. The Ninth Circuit also acknowledged that after the petitioner in Webster had been convicted, the California Supreme Court decided Hayes, in which it defined "immediate presence" in the same way that the state Court of Appeal did in this case. See page 5 supra.

---

[2] In Webster, the Ninth Circuit incorrectly refers to Lavender and Hornes as California Supreme Court cases. Webster, 369 F.3d at 1071.

7

1  Webster is relevant here because the Ninth Circuit had the opportunity to
2  disapprove an expansive definition of "immediate presence" and did not.  Furthermore, the court
3  could have expressed disapproval of the definition of "immediate presence" relied on by the
4  Court of Appeal, by rejecting or at least questioning the California's Supreme Court's decision to
5  adopt that definition in Hayes.  The court in Webster chose not to do so.
6  Accordingly, IT IS HEREBY RECOMMENDED that:
7  1.  Petitioner's application for a writ of habeas corpus be denied; and
8  2.  This case be closed
9  These findings and recommendations are submitted to the United States District
10 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty-
11 one days after being served with these findings and recommendations, any party may file written
12 objections with the court and serve a copy on all parties.  Such a document should be captioned
13 "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
14 shall be served and filed within fourteen days after service of the objections.  The parties are
15 advised that failure to file objections within the specified time may waive the right to appeal the
16 District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
17 DATED:  April 23, 2010.

U.S. MAGISTRATE JUDGE

1
wait0835.157(c)